# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

David B. Nevils,

                Plaintiff,

v.                                        Case No. 05-2012-JWL

Jo Anne B. Barnhart, Commissioner of
Social Security,

                Defendant.

## MEMORANDUM & ORDER

Plaintiff David Nevils brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny his application for disability insurance benefits under Title II of the Social Security Act.  This court referred this case to a Magistrate Judge, who issued a Report and Recommendation.  Mr. Nevils then submitted objections to this report; he claims that the Magistrate Judge erred in not evaluating new and material evidence submitted to the Appeals Council after the Administrative Law Judge (ALJ) issued his order.  As explained below, the court will affirm the ultimate decision of the Magistrate Judge to affirm the denial of benefits to Mr. Nevils by the Commissioner, but for slightly different reasons.  In the end, the court cannot decide the claim for disability based on new evaluations and reports obtained by Mr. Nevils after the ALJ's decision.[1]

---

[1] The court did not consider the defendant's late filed response to the plaintiff's objections to the Magistrate Judge's Report and Recommendation.  Recognizing that the defendant was under no obligation to file a response, but in an abundance of caution in the event the failure was inadvertent, the court issued a show cause order to the defendant as to why it did not file a response.  The defendant's stated reason for

## I.      Procedural Background

On October 26, 1999, Mr. Nevils filed his application for a period of disability and disability insurance benefits alleging an onset of disability on July 9, 1999.   His application was denied, and at plaintiff's request, an administrative law judge ("ALJ") held a hearing on November 21, 2002.   Both Mr. Nevils and his counsel were present.   At the hearing, Mr. Nevils testified that he suffered from a variety of mental and physical impairments.

On January 28, 2003, the ALJ issued a decision in which he determined that Mr. Nevils was not under a "disability" as defined by the Social Security Act.   After the ALJ's unfavorable decision, plaintiff requested review by the Appeals Council.   He submitted 134 pages of new medical evidence upon seeking review, and the Appeals Council ordered that this evidence be made a part of the record.   Ultimately, however, the Appeals Council denied plaintiff's request for review on December 10, 2004, rendering the ALJ's decision the final decision of the Commissioner.

## II.  Standard of Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether the Commissioner's decision is supported by substantial evidence in the record as a whole and the Commissioner applied the correct legal standards.   *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir.

---

not filing a response revealed that the defendant did in fact receive the plaintiff's objections and simply did not respond. Thus, the court does not find good cause exists for allowing the defendant to file a response beyond the allotted time.

2

1994)).    The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Castellano*, 26 F.3d at 1028). In the course of its review, the court may not reweigh the evidence or substitute its judgment for that of defendant. *Id*.

### III.  Relevant Framework for Analyzing Claim of Disability and the ALJ's Findings

"Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ."    *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (quoting 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (1982)).    The Social Security Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."    *Id*. (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (1982 & Supp. III 1985)).

The Social Security Administration has established a five-step sequential evaluation process for determining whether a claimant is disabled, *see id*. (citing 20 C.F.R. §§ 404.1520, 416.920 (1986)), and the ALJ in this case followed the five-step process.    If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Id*.

Step one determines whether the claimant is presently engaged in substantial gainful activity.    *Id*.    If he or she is, disability benefits are denied.    *Id*.    If he or she is not, the decision

maker must proceed to the second step. *Id.* Here, the ALJ determined that plaintiff had not engaged in substantial gainful activity and, thus, the ALJ proceeded to the second step. The second step of the evaluation process involves a determination of whether "the claimant has a medically severe impairment or combination of impairments." *Id.* (quoting *Bowen v. Yuckert*, 107 S. Ct. 2287, 2291 (1987)). This determination is governed by certain "severity regulations," is based on medical factors alone, and, consequently, does not include consideration of such vocational factors as age, education, and work experience. *Id.* (citing 20 C.F.R. §§ 404.1520(c), 416.920(c) (1986)). Pursuant to the severity regulations, the claimant must make a threshold showing that his or her medically determinable impairment or combination of impairments significantly limits his or her ability to do basic work activities. *Id.* at 750-51 (citing 20 C.F.R. §§ 404.1521(b), 416.921(b) (1986)). If the claimant is unable to show that his or her impairments would have more than a minimal effect on his or her ability to do basic work activities, the claimant is not eligible for disability benefits. *Id.* at 751. If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three. *Id.* The ALJ in this case concluded that plaintiff's impairments satisfied the severity requirement and, thus, the ALJ proceeded to step three. In step three, the ALJ "determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.* (citing 20 C.F.R. §§ 404.1520(d), 416.920(d) (1986); *Bowen v. Yuckert*, 107 S. Ct. at 2291). If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. *Id.* If not, the evaluation proceeds to the fourth step, where the claimant must show that the "impairment

4

prevents [the claimant] from performing work he has performed in the past." *Id*. (citing 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986); *Bowen v. Yuckert*, 107 S. Ct. at 2291). If the claimant is able to perform his or her previous work, the claimant is not disabled. *Id.* With respect to the third step of the process in this case, the ALJ determined that plaintiff's impairments were not listed or medically equivalent to those listed in the relevant regulations. At the fourth step, the ALJ concluded that plaintiff could not perform any past relevant work and, thus, proceeded to the fifth and final step of the sequential evaluation process–determining whether the claimant has the residual functional capacity "to perform other work in the national economy in view of his age, education, and work experience." *See id.* (quoting *Bowen v. Yuckert*, 107 S. Ct. at 2291). At that point, the ALJ concluded that plaintiff was capable of performing in such roles as a surveillance system monitor, a food demonstrator, an information clerk, and a telephone solicitor. Further, the ALJ found that Mr. Nevils would be able to perform a significant number of jobs that are available in the state and national economies.

**IV. Discussion**

        In his filed objections to the Magistrate Judge's Recommendations and Report, Mr. Nevils contends that both the Magistrate and the Appeals Council failed to consider new and material evidence submitted by Mr. Nevils, notably the report of Dr. Edward Hunter in April 2003 and an unnamed doctor's evaluation of Mr. Nevils in August and September 2003.

        Mr. Nevils's argument fails as a matter of law, however, because the evaluations and reports he points to all were done <u>after</u> the ALJ issued his decision on January 28, 2003. Instead of trying to reconcile this new evidence with the ALJ's decision, the court must direct Mr. Nevils to file

a new claim for benefits, as the Tenth Circuit directed in *Robinson v. Apfel*, 1999 WL 74025 (10th Cir. 1999).   In that case, the court observed, "The Appeals Council determined that the new evidence did not provide a basis for changing the ALJ's decision.  It did not give specific reasons for this finding."  *Id.* at 4.   Instead of admonishing the Appeals Council, however, the court held, "If appellant believed that his condition had worsened after the ALJ hearing, his remedy was to initiate a new claim for benefits as of the date his condition became disabling."  *Id.*   The court followed the general rule that if a claimant submits new evidence based on testing done after an ALJ's decision is issued, the claimant must file a new claim rather than ask the court to engage in the impossible task of guessing whether the new evidence undermines the ALJ's original decision. In other words, the court may not speculate whether the new evidence would change the ALJ's result.

The Tenth Circuit again directed this result in a more recent case.  *See Rhodes v. Barnhart*, 117 Fed. Appx. 622, 625-26, 2004 WL 1966211, *2 (10th Cir. 2004) (noting that "the appropriate remedy [is] to initiate a new claim for benefits. . . .").  *See also Hargis v. Sullivan*, 945 F.2d 1482, 1493 (10th Cir.1991) ("Implicit in the materiality requirement of evidence submitted to the Appeals Council is that 'the proffered evidence relate to the time period for which the benefits were denied.'").   Here, the proffered evidence did not relate to the time period relevant to when the benefits were denied.  As a matter of law, therefore, the court cannot rule on the validity of this new evidence.  Mr. Nevils must submit a new claim for benefits and allow the proper tribunal to evaluate the substance of his new claim based on his new evidence.

The court is convinced this is the proper action because reports obtained after the ALJ

issued his decision "carry less weight persuasively" because "it is apparent that plaintiff, upon failing in his claim before the ALJ, sought out new evidence in an attempt to better support his position." *Heimerman v. Chater*, 939 F. Supp. 832, 834 (D. Kan. 1996) (collecting cases). Allowing a new claim to proceed under the established framework will ensure a fairer result.

The court will therefore adopt the ultimate conclusion of the Magistrate Judge's Report and Recommendation, but for slightly different reasons. *See Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004) ("While we differ with the magistrate judge on certain minor points, we agree with the general thrust of his rationale and affirm accordingly."); *Bergen v. F/V St. Patrick*, 686 F. Supp. 786, 787 (D. Alaska 1988) ("The court will affirm the Magistrate's orders on grounds different from those advanced by the Magistrate and will deny the pending motion."). The request to overturn the decision of the Commissioner to deny benefits therefore fails.

**IT IS THEREFORE ORDERED BY THE COURT THAT** in line with the Magistrate Judge's Report and Recommendation, the Commissioner's decision to deny disability insurance benefits to Mr. Nevils is hereby affirmed.

**IT IS SO ORDERED.**

Dated this 16th day of December, 2005

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

7